IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**CLARENCE TONEY,**

        Petitioner,

v.                                            **Civil Action No. 1:21-CV-68**
                                                      Judge Bailey

**WARDEN PAUL ADAMS,**

        Respondent.

## **REPORT AND RECOMMENDATION**

### I.    **INTRODUCTION**

On May 24, 2021, Clarence Toney, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "petition"). The petitioner is a federal inmate housed at FCI Hazelton in Bruceton Mills, West Virginia, and is challenging the BOP's calculation of his sentence. On June 22, 2021, petitioner paid the $5 filing fee. On October 28, 2021, respondent was ordered to show cause why the petition should not be granted. On December 9, 2021, respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 17]. On December 23, 2021, petitioner filed a response to the Motion. [Doc. 24]. On January 6, 2022, respondent filed a reply. [Doc. 25]. The Motion is now fully briefed and ripe for decision. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the Motion to Dismiss be granted and that the petition be dismissed.

## II. BACKGROUND

On July 22, 1982, petitioner was arrested by the Pottstown, Pennsylvania Police Department for robbery, theft, aggravated assault, receiving stolen property, being a former convict/not to own a firearm, simple assault, recklessly endangering another person, and crimes committed with firearms. While in state custody, on January 28, 1983, petitioner was taken into the custody of the US Marshals via a writ of habeas corpus prosequendum to face federal charges. On June 3, 1983, the United States District Court for the District of New Jersey sentenced petitioner to a twenty-five-year term of imprisonment for bank robbery; aiding and abetting; and bank robbery-assault with a dangerous weapon. Petitioner was returned to state custody on June 14, 1983, and on August 15, 1983, was sentenced to a ten-year minimum, twenty-year maximum sentence for robbery. Then, on April 22, 1985, petitioner was sentenced in another Pennsylvania case to a term of twenty-five to sixty years for charges including escape. Next, on December 10, 1985, petitioner was again taken into the custody of the United States Marshals via a writ of habeas corpus ad prosequendum to face charges of robbery of a savings and loan association in the Central District of California; he was sentenced to twenty-years imprisonment, to be served concurrently with the federal sentence from the District of New Jersey. He was then returned to state custody in Pennsylvania.

To summarize, petitioner was then facing four sentences: two state sentences in Pennsylvania to be served consecutively, a federal sentence from the District of New Jersey, and a federal sentence from the Central District of California to be served concurrently with the New Jersey sentence. Federal detainers were in place so that he

would be transferred to federal custody once the state of Pennsylvania relinquished custody.

On September 23, 1992, petitioner was paroled from his first state sentence and began serving his second state sentence. On September 4, 2019, petitioner was discharged from his second state sentence and was transferred to federal custody to commence his federal sentences. The Bureau of Prisons determined that petitioner's federal sentence was consecutive to the state sentences because the sentencing court in the District of New Jersey had been silent as to that issue.

On May 24, 2021, petitioner filed his § 2241 petition, challenging the calculation of his sentence. On December 9, 2021, the Government filed the instant motion to dismiss or for summary judgment.

### III. STANDARD OF REVIEW

**A. Motion to Dismiss**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and

3

other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995). In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." ***Id***. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. ***Id***. at 396–97.

**B.  Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly

can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV.    CLAIMS OF THE PETITION

In his petition, Toney challenges the "FBOP's Failure to execute a federal detainer and allowing 27 years to elapse before seeking execution of the sentence." [Doc. 1 at 1]. He points out that at the time he was paroled on his first state sentence, there were two federal detainers pending. One of those detainers had been in place prior to the second set of state charges. Petitioner contends that rather than beginning his second state sentence, he should have been transferred to federal custody to serve his federal sentence. He further contends that it was a violation of his due process rights for the state sentence to "take precedence over the execution of the federal sentence." [Id. at

5

5]. He argues that the federal government's "decision to wait twenty-seven years before seeking to enforce a federal detainer" was arbitrary, capricious, and whimsical. [Id. at 6].

## V. APPLICABLE LAW

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commences. ***United States v. Wilson***, 503 U.S. 329, 334 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585 (b), which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Id.

Under section 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served." Generally, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate retains primary custody over him until that sovereign's imposed sentence is satisfied. ***United States v. Evans***, 159 F.3d 908, 912 (4th Cir. 1998). When an inmate is borrowed pursuant to a writ of habeas corpus ad prosequendum, the original sovereign has "merely loan[ed] that prisoner to federal authorities" and does not forfeit its primary jurisdiction. Id. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only

6

when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id.

## VI. ANALYSIS

The federal government was not required to enforce the detainer prior to commencement of petitioner's second state court sentence, and petitioner does not have a due process right to a particular order in which his sentences are imposed. In support of his argument that he should have been turned over to federal authorities after completion of his first state sentence, Toney relies on **Hill v. Beard** for the proposition that "Primary jurisdiction continues until a sovereign specifically relinquishes it, generally through release on bail, dismissal of charges, parole, or expiration of the sentence." No. CV 0:20-125-DCR, 2021 WL 496491, at *4 (E.D. Ky. Feb. 10, 2021) (citing **United States v. Cole**, 416 F.3d 894, 897 (8th Cir. 2005)).

The Fourth Circuit has rejected this argument in the context of a challenge to the order of state and federal sentences:

> Jackson contends that the district court erred in denying Jackson's motion to be returned to State custody to serve his preexisting State sentence first. This argument is without merit.
>
> Jackson relies on the principle that when competing claims of jurisdiction between sovereigns exist, the first court taking subject-matter jurisdiction must be permitted to exhaust its remedy fully. See **Ponzi v. Fessenden**, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607 (1922). But this is a principle to resolve disputes among sovereigns, and Jackson has no standing to assert North Carolina's interest in asserting jurisdiction.

> Moreover, North Carolina has asserted no such interest. *See Hayward v. Looney*, 246 F.2d 56, 57 (10th Cir.1957) ("If the prisoner has violated the law of both sovereigns, he is subject to prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him").

*United States v. Jackson*, 327 F.3d 273, 302 (4th Cir. 2003).

Petitioner similarly argues that the BOP is not authorized "to put off taking a convicted prisoner into custody" until some unspecified time. [Doc. 1-1 at 8]. This is simply a mischaracterization of the facts in this case. The BOP did not wait an arbitrary amount of time before suddenly deciding to enforce the detainer. Petitioner began his federal sentence promptly upon being released from state custody. Petitioner's arguments are without merit and this case should be dismissed.

## VII.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [**Doc. 17**] be **GRANTED**, and that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Each party shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* petitioner by certified mail, return receipt requested. In addition, this Report and Recommendation completes the referral from the District Court. The Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED:** January 12, 2022.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE