IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**CLARENCE TONEY,**

        Petitioner,

v.                              **CIVIL ACTION NO. 1:21-CV-68**
                                     Judge Bailey

**WARDEN PAUL ADAMS,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 26]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on January 12, 2022, wherein he recommends the § 2241 petition be denied and dismissed. For the reasons that follow, this Court will adopt the R&R as petitioner's arguments are meritless in totality.

### I. BACKGROUND

On May 24, 2021, petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. 1]. On December 9, 2021, respondent filed a filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment and accompanying Memorandum in Support. [Docs. 17 &17-1]. Petitioner filed a Response in Opposition on December 23, 2021. [Doc. 24]. Respondent filed a Reply [Doc. 25] on January 6, 2022.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Following an responsive extension given to petitioner by this Court [Doc. 29], petitioner filed his Objections [Doc. 31] on February 8, 2022. Accordingly, this

Court will review the portions of the R&R to which objections were filed *de novo*, and the remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

#### A. Procedural Posture

On July 22, 1982, petitioner was arrested by the Pottstown, Pennsylvania Police Department for robbery, theft, aggravated assault, receiving stolen property, being a former convict/not to own a firearm, simple assault, recklessly endangering another person, and crimes committed with firearms. While in state custody, on January 28, 1983, petitioner was taken in the custody of the United States Marshals via a writ of habeas corpus ad prosequendum to face federal charges. On June 3, 1983, the United States District Court for the District of New Jersey sentenced petitioner to a twenty-five year term of imprisonment for bank robbery, aiding and abetting, and bank robbery/assault with a dangerous weapon. Petitioner was returned to state custody on June 14, 1983, and on August 15, 1983, was sentenced to a ten-year minimum, twenty-year maximum sentence for robbery. On April 22, 1985, petitioner was sentenced in another Pennsylvania case to a term of twenty-five to sixty years for charges including escape. On December 10, 1985, petitioner was again taken into the custody of the United States Marshals via a writ of habeas corpus ad prosequendum to face charges of robbery of a savings and loan association in the Central District of California. On these charges, petitioner was sentenced to twenty-years imprisonment, to be served concurrently with the federal sentence from the District of New Jersey. He was then returned to state custody in Pennsylvania.

To summarize, petitioner faced four sentences: two state sentences in Pennsylvania to be served consecutively, a federal sentence from the District of New Jersey, and a federal sentence from the Central District of California to be served concurrently with the New Jersey sentence. Federal detainers were in place so that he would be transferred to federal custody once the state of Pennsylvania relinquished custody.

On September 23, 1992, petitioner was paroled from his first state sentence and began serving his second state sentence. On September 4, 2019, petitioner was discharged from his second state sentence and was transferred to federal custody to commence his federal sentences. The BOP determined that petitioner's federal sentence was consecutive to the state sentences because the sentencing court in the District of New Jersey had been silent as to that issue. Petitioner's pending petition challenges the calculation of this sentence.

### B.     The Petition

In his petition, petitioner challenges the "FBOP's failure to execute a federal detainer and allowing 27 years to elapse before seeking execution of the sentence." [Doc. 1 at 1]. Petitioner avers that at the time he was paroled on his first state sentence, there were two federal detainers pending, one of which was in place prior to the second set of state charges. Petitioner contends that rather than beginning his second state sentence, he should have been transferred to federal custody to serve his federal sentence. He further argues that it was a violation of his due process rights for the state sentence to "take precedence over the execution of the federal sentence." [Id. at 5].

### C. The R&R and Petitioner's Objections

In his R&R, Magistrate Judge Mazzone correctly outlined the applicable law to the instant matter, which this Court will incorporate herein. Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commences. ***United States v. Wilson***, 503 U.S. 329, 334 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Id.

Under section 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served." Generally, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate retains primary custody over him until that sovereign's imposed sentence is satisfied. ***United States v. Evans***, 159 F.3d 908, 912 (4th Cir. 1998). When an inmate is borrowed pursuant to a writ of habeas corpus ad prosequendum, the original sovereign has "merely loan[ed] that prisoner to federal authorities"

and does not forfeit its primary jurisdiction. *Id*. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commence only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Id.*

Here, the federal government was not required to enforce its detainers prior to commencement of petitioner's second state court sentence, and petitioner–despite his baseless assertions to the contrary–does not have a due process right to a particular order in which his sentences were imposed.

As identified by the magistrate judge, petitioner relies on *Hill v. Beard* for the proposition that "[p]rimary jurisdiction continues until a sovereign specifically relinquishes it, generally through release on bail, dismissal of charges, parole, or expiration of the sentence." 2021 WL 496491, at *4 (E.D. Ky. Feb. 10, 2021) (citing *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)).

The Fourth Circuit has rejected this argument in the context of a challenge to the order of state and federal sentences:

> Jackson contends that the district court erred in denying Jackson's motion to be returned to State custody to serve his preexisting State sentence first. This argument is without merit.
>
> Jackson relies on the principle that when competing claims of jurisdiction between sovereigns exist, the first court taking subject-matter jurisdiction must be permitted to exhaust its remedy fully. See *Ponzi v. Fessenden*, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607 (1922). But this is a principle to resolve disputes among sovereigns, and Jackson has no standing to assert North

6

> Carolina's interest in asserting jurisdiction. Moreover, North Carolina has asserted no such interest. See **Hayward v. Looney**, 246 F.2d 56, 57 (10th Cir. 1957) ("If the prisoner has violated the law of both sovereigns, he is subject to prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him").

**United States v. Jackson**, 327 F.3d 273, 302 (4th Cir. 2003).

Similarly, petitioner argues that the BOP is not authorized "to put off taking a convicted prisoner into custody" until some unspecified time. [Doc. 1-1 at 8]. The magistrate judge correctly noted that the BOP did not wait an arbitrary amount of time before deciding to enforce the federal detainer, because petitioner began his federal sentence forthwith upon being released from state custody.

In his Objections, petitioner asserts that the magistrate judge improperly concluded that petitioner is attempting to challenge the BOP's calculation of his federal sentence. [Doc. 31 at 1–2]. This objection is overruled as it is patently obvious by even a cursory review of the pleadings that petitioner's quarrel in this matter stems from the calculation of his federal sentence.

The remainder of petitioner's Objections reassert his contention that the BOP was somehow required to execute federal detainers sooner than it did, and that its failure to do so violates the Due Process Clause. [Doc. 31 at 3–4]. Based on the foregoing body of law and the sound findings and conclusions of the magistrate judge relating to the same, BOP's execution of the federal detainers was proper and petitioner's Objections are overruled.

## IV. CONCLUSION

For the aforementioned reasons, the entirety of petitioner's Objections [**Doc. 31**] are **OVERRULED**, and it is the opinion of this Court that the **Report and Recommendation** [**Doc. 26**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Respondent's Motion to Dismiss or, in the alternative, for Summary Judgment [**Doc. 17**] is **GRANTED**. Accordingly, this Court **ORDERS** that the § 2241 petition [**Doc. 1**] be **DENIED** and **DISMISSED**.

This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: February 10, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE